**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                          No. 96-4575

JOE MCFADDEN, a/k/a Bo,
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Florence.
Cameron McGowan Currie, District Judge.
(CR-95-787)

Submitted: January 23, 1997

Decided: February 5, 1997

Before RUSSELL, WILKINS, and WILLIAMS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

William F. Nettles, IV, Assistant Federal Public Defender, Florence,
South Carolina, for Appellant. J. Rene Josey, United States Attorney,
Scarlett A. Wilson, Assistant United States Attorney, Christopher
Seybolt, Staff Attorney, Columbia, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Joe McFadden pled guilty to possession of crack cocaine with intent to distribute, 21 U.S.C. § 841 (1994), and received a sentence of 78 months imprisonment. He appeals this sentence, arguing that the district court clearly erred in enhancing his sentence for possession of a firearm during the offense. USSG § 2D1.1(b)(1).* We affirm.

McFadden and his associates were the subject of an investigation which continued for several months. On the day of his arrest, McFadden met an informant and the agents at an auto repair shop and discussed a sale of three ounces of crack and three ounces of powder cocaine to the agents. Two of McFadden's friends drove up and McFadden talked with them; they then drove off to get the drugs. When they returned, McFadden took the drugs and walked with the informant toward a back room to weigh the drugs. At that point, the arrests were made. A loaded semi-automatic pistol was found on the front seat of McFadden's truck.

A two-level enhancement is applicable if the government shows that a firearm was present during the offense, unless the court finds that it was clearly improbable that the firearm was connected with the offense. USSG § 2D1.1, comment. (n.3). We review the district court's factual finding for clear error. United States v. Apple, 915 F.2d 899, 914 (4th Cir. 1990). McFadden argued at sentencing that he used the gun only for shooting snakes when he went fishing. He said he usually kept it behind the seat, but had removed it that day while working on his truck and forgotten to put it back. He argued that the drug deal took place inside the garage, where the gun was not accessible to him. However, because the evidence showed that McFadden and the others were outside in the parking area as well as in the building during the transaction, and because the gun was not behind the seat, the district court found that it was not clearly improbable that the firearm was connected with the drug offense. The court's finding was not clearly erroneous.

_____

*United States Sentencing Commission, Guidelines Manual (Nov. 1995).

The sentence is therefore affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3